# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROY C. JOHNSON, MARVIN BLADES, WALTER BUSBY, DEBBIE CRISP, DEBRA DICKENS, CORNELIUS DEAN FINLEY, DEBORAH J. DANIELS FLEAK, STEVEN GIBBS, DWIGHT JACKSON, DEREK LEWIS, TYRONE LYNN, MARK MOORE, RAY NELSON, RUFUS NEWSOME, TAMMARA MCKINNEY OLDEN, GARY PITTS, and ALBERT YOUNG<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF TULSA,<br><br>    Defendant. | No. 94-CV-39-H (M)<br>Class Action |

**FILED APR 17 2002** Phil Lombardi, Clerk U.S. DISTRICT COURT

## JOINT SUBMISSION OF PROPOSED NOTICE OF SETTLEMENT

The Parties submit the attached proposed notice of the settlement of this matter which they recommend be served upon all of the officers of the Tulsa Police Department; Fraternal Order of Police, Lodge 93; and members of the Plaintiff Class.

The proposed notice is submitted to the Court with the agreement of Mr. Larry Simmons, attorney for the City of Tulsa.



Respectfully submitted,

*[signature]*

Louis W. Bullock, OBA #1305
Patricia W. Bullock, OBA #9569
Robert Blakemore, OBA #18656
BULLOCK & BULLOCK
320 South Boston, Suite 718
Tulsa, Oklahoma 74103
(918) 584-2001
(918) 582-7302 (fax)

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF MAILING**

On this 17TH day of April 2002, I did cause a true and correct copy of this document to be faxed and mailed, postage prepaid, to the following counsel of record:

Larry V. Simmons
Paul F. Prather
City of Tulsa Legal Dept.
200 Civic Center, Room 316
Tulsa, Oklahoma 74103

*[signature]*
Louis W. Bullock

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROY C. JOHNSON, MARVIN BLADES, WALTER BUSBY, DEBBIE CRISP, DEBRA DICKENS, CORNELIUS DEAN FINLEY, DEBORAH J. DANIELS FLEAK, STEVEN GIBBS, DWIGHT JACKSON, DEREK LEWIS, TYRONE LYNN, MARK MOORE, RAY NELSON, RUFUS NEWSOME, TAMMARA MCKINNEY OLDEN, GARY PITTS, and ALBERT YOUNG<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF TULSA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 94-CV-39-H (M)<br>)  Class Action<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS-ACTION

TO THE ADDRESSEE: THE PURPOSE OF THIS NOTICE IS TO INFORM YOU THAT A SETTLEMENT HAS BEEN PROPOSED IN THE ABOVE STYLED CLASS-ACTION, EXPLAIN YOU HOW TO OBTAIN MORE INFORMATION ABOUT THIS PROPOSED SETTLEMENT, AND SET OUT THE PROCEDURES AS TO HOW TO OBJECT IF YOU DISAGREE WITH IT. THIS NOTICE IS BEING SENT TO ALL TULSA POLICE OFFICERS REGARDLESS OF WHETHER THOSE OFFICERS ARE CLASS MEMBERS. IT IS ALSO BEING SENT TO THE FRATERNAL ORDER OF POLICE, LODGE NUMBER 93. THIS PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS, SO PLEASE READ THIS NOTICE CAREFULLY. FAILURE TO FILE AN OBJECTION MAY FORECLOSE THE PRESENTATION OF ANY OBJECTION AT A LATER TIME.

**COPIES OF THE COMPLETE DECREE ARE AVAILABLE TO ALL OFFICERS ON THE DEPARTMENT'S INTRANET OR BY REQUESTING A COPY FROM YOUR SQUAD OR DIVISION COMMANDER. COPIES MAY ALSO BE OBTAINED FROM CHIEF PALMER'S OFFICE OR BY REQUESTING ONE FROM EITHER THE CITY ATTORNEY'S OFFICE ON THE THIRD FLOOR OF CITY HALL OR THE OFFICE OF BULLOCK & BULLOCK, SUITE 718, 320 SOUTH BOSTON BUILDING. YOU ARE URGED TO READ THE ENTIRE AGREEMENT TO DETERMINE ITS FULL REQUIREMENTS.**

### CLAIMS ASSERTED IN THE CLASS-ACTION

This lawsuit was brought against the City of Tulsa by a number of African-Americans who are present or former police officers employed by the City of Tulsa. Plaintiffs allege deprivations of rights secured by the First, Thirteenth, and Fourteenth Amendments to the United States Constitution, and statutory violations of the Civil Rights Act of 1866, 42 U.S.C. § 1983; the Civil Rights Act of 1871, 42 U.S.C. § 1981; and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

Plaintiffs assert three categories of claims. First, Plaintiffs allege that Defendant has created a hostile work environment as evidenced primarily by the failure to provide backup to African-American officers, by the maintenance of a segregated workplace, by ridicule and degradation of African-Americans, and by the discriminatory treatment of African-American citizens in the community. Second, Plaintiffs allege that Defendant has discriminated against African-Americans in promotion and other professional opportunities under both adverse impact and disparate treatment theories of racial discrimination. Third, Plaintiffs allege that Defendant has retaliated against African-American officers for complaining about discriminatory employment practices and/or discriminatory law enforcement practices.

## STATUS OF THE ACTION

Since the filing of the Amended Complaint, December 11, 1997, this case has been vigorously litigated by both sides. Depositions and statements have been taken of all of the African-American officers, a number of former officers, Deputy Chiefs, Chief, and the Mayor. Hundred thousands of pages of documents have been reviewed. The lawyers have argued and briefed numerous legal issues.

If this action is not settled at this time, it will require a great deal of additional legal proceedings, including the preparation and argument of motions for summary judgement. Unless summary judgement is granted, the future legal proceedings will include a lengthy trial which the parties estimate will last a month or perhaps longer. No one can predict the outcome of such proceedings and either side might prevail. If this matter is not settled at this stage the litigation will continue for years before it is finally resolved.

## TERMS OF THE SETTLEMENT

The proposed Decree to be entered should the Court approve this settlement is thirty-six (36) pages long and sets out in full the terms under which the settlement of this matter is proposed. The full text of the proposed Decree is attached to this notice and you should review it. What follows is a brief summary of the agreement and is by no means a complete statement of the terms of the proposed agreement or even a selection of its most important terms.

**YOU ARE URGED TO SECURE A COPY FROM THE DEPARTMENT'S INTRANET OR FROM ONE OF THE OTHER SOURCES LISTED ABOVE. YOU ARE ENCOURAGED TO READ THE ENTIRE AGREEMENT TO DETERMINE ITS FULL REQUIREMENTS.**

There are certain principals in the Decree which are important to its interpretation. The Decree provides no racial preferences. The provisions of it relating to promotions, assignments and discipline apply to all officers regardless of race and require that such decisions made upon the merits.

The settlement of this case does not suggest a determination of the merits of any of the claims which have been made. In fact, it specifically states that it is not "constitute or be construed as an acknowledgment, agreement, admission, statement or evidence that the policies, practices, or procedures of the City prior to entering of this Decree were inadequate, unconstitutional or otherwise unlawful or constituted deliberate indifference by the City to the rights of any individual. Similarly, neither the agreement to enter into this Decree nor the Decree itself shall constitute or be construed as an acknowledgment, agreement, admission, statement or evidence that the claims of the plaintiffs lack merit or could not be proven by evidence submitted at trial. It is instead a recognition by the Parties that the most constructive and effective response to this matter is to commit their mutual energies to achieving the high quality best practices and procedures of police management which are incorporated into this Decree."

**A.    INDIVIDUAL CLAIMS.**

There is a procedure for filing claims by class members who claim that they have suffered from racial discrimination or harassment in the course of their employment as police officers. All claims arising before August 1, 2001 must be filed under this procedure or they will be lost. The proposed Decree also sets forth limitations upon the

remedies which will be available through this procedure. For most claims other than for the denial of promotion, compensatory damages will be limited to $10,000. In the case of claims that the claimant was denied a promotion the total awards for back pay will be limited to no more than $200,000. The one wrongful discharge claim, that is the claim of Dean Finley, is also to be dealt with under this procedure. The Decree provides a limitation upon any back pay award in this instance to $150,000. The Decree also provides that there will be no claims for punitive damages. Other than these limitations, all claimants, if successful, will be entitled to all other remedies including such relief as an order for a promotion; a judgement for front pay, that is the wages expected to be lost until a promotion goes through; or an order to restore their employment record if found to have been wrongly disciplined.

**If you are a class member you will receive specific instructions on how to file a claim, should the Court approve this Decree and enter it as an order of the Court. You will have sixty days following the Decrees entry as an order of the Court to file a claim.**

B.  **ADOPTION AND IMPLEMENTATION OF POLICIES**

The proposed Decree requires the City to adopt and implement a number of policies related to the issues raised by the Plaintiffs. These policies include the adoption of policies regarding data collection, public education, assignments, recruiting, promotions, obligations of supervisors, discipline, retaliation, backing, evaluations, racial bias in policing, creation of a partnership in policing, complaint process, and field training.

C.  **DATA COLLECTION**

The Decree requires the City to implement a data collection system to collect data concerning a number of activities including but not limited to: pedestrian stops, traffic contact reports, traffic citations, arrests, and searches and seizures. The data will be collected so that it can be analyzed according to individual, squad, shift, division, and individuals in the chain of command. The schedule for implementing this system requires all of the hardware to be secured in the first six (6) months after the Decree is entered. The personnel are to be in place and the system is to be operating within twelve (12) months. Within eighteen (18) months the data required by the Decree is to be generated.

D.  **RECRUITING**

The Decree provides for creation of a Recruiting and Career Development Section that will bring together the recruiting and background investigations. It will also be charged with preparing an annual recruiting plan which will reviewed by a task force appointed by the Chief. This task force will advise the Chief on an ongoing basis as to how to improve recruiting.

E.  **INTERNAL AFFAIRS**

The Internal Affairs Division will be divided into two squads. The current Internal Affairs functions will be assigned to the Investigations Squad. A new squad, the Audit and Inspections Squad will be charged with assuring that the Department is operating consistent with policies. This new squad will conduct such investigations and audits as necessary to assure this.

The Decree also sets forth requirements for the process provided for the filing and resolution of complaints These provisions include: Complaints maybe made in person, by telephone, mail or fax. Complaints may be made anonymously. Complaints of racial discrimination, use of force, or harassment are not to be closed without a disposition being rendered. Credibility determinations are to be fully explained in the investigative report and are to include evaluation of complaint history of the officer and the criminal history of the complainant involving crimes involving truth or veracity. All interviews conducted during Department level or Division level investigations directed by the Chief are to be taped and transcribed. If within a three year period the Department receives three requests to withdraw complaints against any officers, the request is to be refused and all of those complaints investigated.

Supervisors called to respond to a complaint or concern of a citizen is required to document the complaint or concern and the manner in which it was resolved. It provides for accountability of supervisors for the manner in which they resolve such complaints or concerns.

F. **TRAINING**

The Decree requires that the training of Tulsa Police Officers be reviewed to assure that all training supports the goals and objectives of the Decree. It also requires special training of supervisors and academy instructors; changes in the firearms qualification process for recruits and remedial training for Apprentice Police Officers needing that training.

G. **PUBLIC EDUCATION**

The Decree requires the City to develop a Public Education Plan to inform people about the Decree and its benefits to the City and its police department. It will also inform the public about proper police procedures, how to file complaints, and how to pursue complaints which are filed.

**H.   ASSIGNMENTS**

The Decree requires that all assignments be based on merit. It requires the City to maintain its practice of posting all openings in specialty assignments. For officers wishing to seek assignments as a detective, investigator or in SID or Street Crimes, the Decree requires those applicants to have a day of training in specified areas. It also requires other changes in the manner in which specialty assignments are made.

**I.   PROMOTIONS**

The Decree provides that all promotions are to made upon merit. The present promotion process is to remain in place for the term of the Decree. In order to explore the opening of additional promotion opportunities for officers, the Decree requires a man power study to be conducted within eighteen (18) months of the entry of the Decree. The Decree leaves it the City's discretion as to whether to implement the recommendations of that study. The Decree does require some additional testing procedures to implemented. Those include adoption of policies prohibiting attempts to learn the scenarios used during oral boards or officers from disclosing those scenarios. It also limits the nature of contacts with oral board members.

**J.   SUPERVISORS**

The Decree requires the City to assure that all supervisors enjoy the rights and

privileges which come with rank.

**K.      BOC**

The Decree recognizes the Black Officers' Coalition as a professional community organization and as a professional support group for black officers in the TPD. The BOC is required by the Decree to choose representatives of the Plaintiffs to instruct recruits about community resources and issues.

**L.      RETALIATION**

The Decree requires the City to adopt a policy consistent with First Amendment law forbidding all forms of retaliation against officers or civilians who raise matters of public concern or assist others in raising such matters. The policy is to require appropriate discipline for those who violate it.

**M.     BACKING**

The Decree requires the City to adopt and implement a policy which sets out the obligation of officers to provide backing to their fellow officers. The policy is to provide the process for reporting failures to provide backing and the obligations of supervisors when they receive such a report.

**N.      EVALUATIONS**

The Decree requires the City to adopt a policy providing an appeal to officers who contend that they were unfairly given a cumulative rating of unsatisfactory or lower.

**O.      RACIAL BIAS IN POLICING**

The Decree requires the City to adopt a policy which requires that there shall be no racial bias in policing. The policy is to clarify the circumstances under which

race/ethnicity can be considered. It requires the race, ethnicity, or national origin shall not be used in establishing a reasonable suspicion or probable cause except where based upon credible reliable information a person or persons of a specific race/ethnicity is linked to a specific crime. The Decree also requires the adoption of specific procedures to be followed when an officer detains a motorist or pedestrian.

**P.  PARTNERSHIP IN POLICING**

The Decree requires the City to adopt and implement policies consistent with nationally recognized best practices which promote the creation of a partnership between police officers and citizens in order to provide proactive problem solving between police, individual citizens, other government agencies and the community.

**Q.  FTO TRAINING**

The Decree requires that Field Training Officers (FTO's) have a minimum of five years experience on the Department and have been trained in Partnership in Policing. The Decree also provides that FTO's who do not maintain evaluations of exceeding expectations are to be removed as FTO's. Supervision of FTO's is to be increased under the Decree and FTO's who use racial or gender related epethets or demonstrate racial or gender bias in their job performance are to be removed.

**R.  DISPUTE AVOIDANCE AND RESOLUTION COMMITTEE**

The Decree requires the establishment as an agency of the Court a Dispute Avoidance and Resolution Committee (Committee) which will be made up of representatives of the community appointed by the Court, and representatives of the Plaintiffs and the City. The Decree also provides that the Fraternal Order of Police can

participate in this process if it files with the Court a resolution by its members endorsing the Agreement and adopting its objectives

The purpose of the Committee will be to provide the parties an opportunity to discuss issues concerning the requirement of the Decree, assist the parties in avoiding future litigation, and assist in resolving issues relevant to the Decree. The process of the committee shall be non-binding and not based on voting majorities.

S.  **COMPLIANCE MONITOR**

The Decree provides that the Court will appoint a monitor who will either be recommended by the parties or selected from a list of candidates proposed by the parties, should they be unable to agree to one. The Monitor is to report three times a year concerning the his findings regarding the status of the City's compliance with the Decree. In addition to reporting its findings three times a year, the Monitor will also be given an opportunity to review any allegation which the Plaintiffs might make concerning non-compliance, prior to the Court hearing that allegation. The Court can order a matter heard before it without giving the Monitor. Either party can appeal a finding of the Monitor and have it reviewed by the Court.

T.  **MONITORING BY PLAINTIFFS**

The Decree provides opportunities for Plaintiffs to monitor compliance by requiring the City to provide their counsel with a number of documents, reports and data. Plaintiffs counsel also has the right to quarterly access to police facilities and may request access to police personel.

U.  **SCHEDULE**

Notice of Proposed Settlement                                                                 Page 12

The Decree requires that unless it otherwise provides a schedule, it is to be implemented withing ninety (90) days of its entry as an order of the Court. At any time after five (5) years of the entry of the Decree, the City can move to end the jurisdiction of the Court. The City must then show that it has been in substantial compliance with the Decree for no less than two (2) years.

### PROCEDURES FOR FILING OBJECTIONS

**IF YOU DISAGREE WITH THE PROPOSED SETTLEMENT YOU HAVE THE RIGHT TO OBJECT TO IT AND YOUR OBJECTION WILL BE CONSIDERED BY THE COURT AS IT REVIEWS THE SETTLEMENT.**

**OBJECTIONS WILL BE CONSIDERED ONLY IF THE FOLLOWING PROCEDURES ARE FOLLOWED:**

1. Objections must be filed by 4:30 p.m. May 15, 2002 with the Clerk of the United States District Court for the Northern District of Oklahoma, United States Court House, 333 W. 4th Street, Tulsa, Oklahoma. All objections must include the following:

    a. The name, address, and telephone number of the person filing the objection. Police officers may fulfill this requirement by stating that they are police officers and include their assignment and work phone number.

    b. Statement of whether the person objecting is a member of the class as defined by the Court and if so, whether they opted out of the class.

    c. Statement of the reasons for the objection.

    d. Statement that copies of the objection have been mailed or delivered to the all of the attorneys listed at the end of this notice.

### HEARING ON OBJECTIONS

Notice of Proposed Settlement                                                                      Page 13

      The Court will hold a hearing on any objections which have been filed on June 14, 2002, at 11:30 a.m. The hearing will be in the court room of the Honorable Sven Holmes, United States District Judge, on the fourth floor of the Federal Court House, 333 W. 4th Street, Tulsa, Oklahoma. Attendance at the hearing is not necessary for the Court to consider your objection. Objections must be filed as previously required by this notice.

### COPIES OF OBJECTIONS

Copies of objections must be mailed to:

Louis W. Bullock  
Bullock & Bullock  
320 S. Boston, Suite 718  
Tulsa, Oklahoma 74103

and

City Attorney  
Third Floor  
200 Civic Center  
Tulsa, Oklahoma 74103

Dated:_____

_____  
UNITED STATES DISTRICT JUDGE